### UNITED STATES ex rel. BRINK v. CLAUDY.

No. 171.

United States District Court
W. D. Pennsylvania.
March 21, 1951.

Frank D. DiCenzo, Jr., Pittsburgh, Pa., for petitioner.

Raymond P. Shafer, Dist. Atty. of Crawford County, Meadville, Pa., for Commonwealth.

GOURLEY, District Judge.

This is a habeas corpus proceeding arising out of a state prosecution. The petitioner is now confined to the Western State Penitentiary, Allegheny County, Pennsylvania, which is within the Western District of Pennsylvania.

The Court has taken judicial knowledge and considered the following matters:

(a) The allegations of fact set forth in the petition.

(b) Records of the Superior Court of the Commonwealth of Pennsylvania.

(c) Records of the Supreme Court of the Commonwealth of Pennsylvania.

(d) Records of the Court of Common Pleas of Crawford County, Pennsylvania.

(e) Records of the Court of Oyer and Terminer for Crawford County, Pennsylvania.

(f) Records of indictments, informations and preliminary proceedings.

A complete and exhaustive hearing was held. The petitioner was granted unlimited opportunity to present allegations and cross-examine witnesses, including two of the sentencing judges of Crawford County.

Petitioner was indicted and convicted on a charge of forgery. While confined in the Crawford County Jail awaiting sen-

tence upon his conviction, he escaped in company with another prisoner; the two men stole an automobile from a parking lot in the city of Meadville and made their escape into Ohio. They were captured, waived extradition, and were returned to Crawford County where they pleaded guilty to indictments for prison breach and larceny of the automobile.

Thereupon, on February 25, 1947, the Court of Quarter Sessions of Crawford County imposed three sentences upon petitioner:

(1) On the conviction of forgery, a sentence of five to ten years, effective from January 21, 1947.

(2) On the conviction for larceny of the automobile, a sentence of two and one-half years to five years, to take effect at the expiration of the forgery sentence.

(3) On the conviction for prison breach, a sentence of five to ten years, to take effect at the expiration of the forgery and larceny sentences.

A petition for mandamus was filed in the Superior Court of Pennsylvania aimed to direct the Common Pleas Court of Crawford County to act upon a pending habeas corpus petition. The Superior Court dismissed said petition on July 2, 1948. Later the petitioner filed a habeas corpus petition in the Supreme Court of the Commonwealth of Pennsylvania at No. 1610 Miscellaneous Docket, Western District, 1949. The Pennsylvania Supreme Court filed a per curiam opinion on November 22, 1949 in which it—

(1) ordered a new trial granted to the petitioner on the forgery indictment on the ground that he was not present at the time the jury rendered its verdict of guilty;

(2) ordered the petitioner to be resentenced on the indictment for prison breach in that the sentence imposed was excessive under the law, and

(3) affirmed the sentence imposed on petitioner on the indictment for larceny of a motor vehicle.

Pursuant to the above order, petitioner was returned to Crawford County and retried on the indictment for forgery in February, 1950. He was found guilty. Accordingly, the following sentences were imposed on February 15, 1950:

(1) On the charge of forgery to serve the same sentence of five to ten years as had previously been imposed.

(2) On the charge of prison breach to serve one to two years to commence at the expiration of the sentence for forgery.

(3) On the charge of larceny of a motor vehicle the sentence of two and one-half to five years was not disturbed.

Petitioner filed a petition for writ of habeas corpus in Crawford County Court which was denied in an opinion and order issued June 25, 1949.

■ This Court cannot give effect to the habeas corpus proceeding in Crawford County, Pennsylvania, since the petitioner was incarcerated in Allegheny County, Pennsylvania. United States ex rel. Smith v. Warden of Philadelphia County Prison, 3 Cir., 181 F.2d 847.

Petitioner then filed a habeas corpus petition in the United States District Court for the Western District of Pennsylvania, which was dismissed on April 4, 1950.

The petition failed to demonstrate an exhaustion of state remedies in that a motion for new trial was then pending in the Crawford County Court. Resort was again made to the Supreme Court of Pennsylvania by way of habeas corpus petition. The petition was dismissed.

The motion for new trial was subsequently withdrawn at the petitioner's order and direction to his counsel. He then petitioned the United States Supreme Court for writ of certiorari. The petition was refused.

On November 15, 1950, a petition for writ of habeas corpus was filed in the United States District Court for the Western District of Pennsylvania, and the matter now before the Court relates to the consideration and disposition which should be made of said petition, based upon official records and open hearing.

■ In order to invoke the jurisdiction of this Court, petitioner would have

to show that he filed a petition in the Court of Common Pleas of Allegeheny County, where he is now confined, and that he appealed an adverse decision through the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania. Commonwealth ex rel. Paylor v. Claudy, 366 Pa. 282, 77 A.2d 350. The doctrine of exhaustion of state remedies before resort may be had to a federal district court contemplates the full use of the state court machinery of that state together with application for writ of certiorari to the Supreme Court of the United States and denial thereof. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Consequently, this petition must be denied for failure to exhaust state remedies.

Nevertheless, in the event I am mistaken in my conception of what constitutes exhaustion of state remedies, and since this Court conducted a prolonged and detailed hearing on petitioner's contentions, I have seen fit to dispose of the petition on its merits.

The petitioner has labored the courts with petitions of a similar nature for a period of approximately a year. In order that the alleged denial of constitutional rights can be finally adjudicated and one court or the other will not be subject in the future to a continued harassment with matters of a similar nature, I have considered the various claims in detail.

Was the petitioner denied the protection of the Fourth, Sixth and Fourteenth Amendments to the Constitution? U.S. C.A.Const. amends. IV, VI and XIV.

It is contended that petitioner was arrested on the forgery charge without a warrant; that arresting officers without search warrants entered his home; that he was held incommunicado for six days, from January 16, 1947 until January 21, 1947, without a preliminary hearing; that he had no counsel to prepare his case before trial and counsel was not made available to him until the day of trial, and that after breaking jail he was forcibly compelled to return from Ashtabula, Ohio, to Crawford County, Pennsylvania, without extradition procedure.

During the hearing conducted by this court, petitioner demonstrated numerous contradictions and inconsistency in his testimony, and established himself as a person unworthy of belief.

The testimony and evidence conclusively established:

(1) That petitioner had voluntarily waived extradition in his removal from Ashtabula, Ohio, to Crawford County, Pennsylvania.

(2) That petitioner had been represented by reputable counsel at his trial in Meadville, Pennsylvania, and ample opportunity was afforded said counsel to prepare his case.

(3) That petitioner had expressed satisfaction with his court-appointed counsel at the time of trial.

(4) That petitioner was given ample opportunity to secure counsel and communicate with outsiders while incarcerated and awaiting trial.

Even assuming petitioner's allegations to be true, petitioner, admittedly, was under no coercion when he appeared in court and no confession was secured from him. Allowance of a writ upon the basis of these allegations would constitute a punative measure against unrelated wrongdoing by the police. This is not the purpose of a writ of habeas corpus. Power to grant such a writ is not to be used as an indirect mode of disciplining misconduct. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140.

Where a person is deprived of his liberty by the arresting officers, lodged in a cell and held in custody incommunicado and brutally beaten for purpose of having petitioner make confession of guilt, this is not sufficient to justify issuance of a writ of habeas corpus where no confession had been received or offered in evidence. Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, certiorari denied 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003. Where no incriminating statements were made during such illegal incarceration which in any way affected the subsequent trial, this is not ground for collateral attack in

habeas corpus on the judgment. Hampson v. Smith, Supt. of State Penitentiary, 9 Cir., 153 F.2d 417, certiorari denied 328 U.S. 850, 66 S.Ct. 1118, 90 L.Ed. 1623.

■ Petitioner's complaint that he was arrested without a warrant and that his home was searched without a search warrant is not reviewable by way of habeas corpus after his trial and conviction. Commonwealth ex rel. Spencer v. Ashe, 364 Pa. 442, 71 A.2d 799; Townsend v. Burke, Warden, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690.

■ The Commonwealth did not raise the subject of jurisdiction in this proceeding. This Court is cognizant of the fact that habeas corpus is not available to test the validity of a second or third sentence, where, at the time of hearing, petitioner had not finished serving the first sentence. McIntosh v. Steele, 8 Cir., 184 P.2d 721. Nevertheless, in view of the extensive and thorough hearing given petitioner, I believe that comment should be made relevant to all sentences imposed.

■ It is my considered judgment that the granting of a new trial by the Pennsylvania Supreme Court on the conviction of forgery, and the subsequent proceedings relative thereto, rectified any abrogation of due process which might have resulted in the first trial.

■ Likewise, the Pennsylvania Supreme Court's review of the sentence for prison breach, resulting in a reduction of sentence from five to ten years to one to two years, to conform to state law, and the imposition of said corrected sentence by the Crawford County Court, based upon an original plea of guilty, was proper and in no way demonstrated any abuse of petitioner's constitutional rights.

The sentence for larceny of a motor vehicle, to which a plea of guilty had been entered, was according to law.

■ In my opinion, this is not one of the rare cases where exceptional circumstances of peculiar urgency are shown to exist such as would require the federal courts to interfere with the administration of justice in the state courts, and discharge the petitioner through a habeas corpus proceeding. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572.

The petition for a writ of habeas corpus is denied since it appears from the application and the hearing conducted that the petitioner is not entitled to the writ. 28 U.S.C.A. § 2243.

■ The District Attorney of Crawford County has presented a bill of costs to the United States Clerk for expenses incurred in the course of this proceeding. Since no provision of the Federal Rules of Civil Procedure or statutory authorization makes allowance for such payment to Commonwealth officials and witnesses, the bill of costs must be refused.

Ample provision exists under state law to compensate or reimburse the District Attorney of Crawford County for any expenses or financial outlay which he has incurred or become obligated to pay. This would include the costs and expenses of witnesses which he was required to call in order to establish a defense to the habeas corpus action.

The matter is fully covered by the provisions of the Act of June 29, 1923, P.L. 973, 16 Penna. Purdon Statutes, § 3451, which provides, inter alia: All necessary expenses incurred by the district attorneys of any county of this Commonwealth * * or any officer directed by him, in the * * prosecution of persons charged with * * crime, shall be paid by the respective counties, out of moneys in the county treasury, upon the approval of the bill of expense by the district attorney and the court of their respective counties.

■ A district attorney would be derelict of his duty to not contest a habeas corpus action presented by a person convicted of crime in his own county. His obligation to contest is nothing more than a continuation of the prosecution of the person so involved.

I feel confident the courts of Crawford County will save the District Attorney and persons concerned from all financial loss.