**UNITED STATES ex rel. CECILIA v. UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION & NATURALIZATION SERVICE et al.**

United States District Court
S. D. New York.
Jan. 31, 1952.

A. George Catalano, Brooklyn, N. Y., J. J. Kilimnik, Philadelphia, Pa., of counsel, for petitioner.

Myles J. Lane, U. S. Atty., New York City, William J. Sexton and Joseph N. Friedman, New York City, of counsel, for respondents.

WEINFELD, District Judge.

The Court has read the testimony given upon the deportation hearing of the relator and also that taken upon the deportation hearing of Eduardo Volchart Lopes Da Silva Cordeiro, who was arrested at the same time and place as relator, the parties having stipulated that these minutes set forth all relevant facts and circumstances of his arrest and there was no need for additional testimony on this application.

After a careful and close reading of the record, the Court finds that the facts do not sustain the charge of unlawful arrest and illegal search and seizure.

The immigration inspector who was conducting an investigation pursuant to 8 C.F.R. § 150 was admitted by Cordeiro to the apartment in a hotel which he shared with relator and one other. The evidence satisfies that the inspector identified himself to those present as required by 8 C. F.R. § 150.1(c). He was shortly joined by two other immigration inspectors who were summoned by the first. Cordeiro and the relator were each separately questioned to determine alienage and status in the United States.[1] The evidence leaves little room to question that the statements made by relator and his roommate were freely and voluntarily made in the course of the investigation. Upon completion of the interrogatories relator refused to sign the statement containing his answers, although Cordeiro did, and at his hearing acknowledged that he had freely and voluntarily done so.

Within a half hour one of the three inspectors, upon the basis of the statements

1. 8 U.S.C.A. § 152 provides: " * * * Said inspectors shall have power to administer oaths and to take and consider evidence touching the right of any alien to * * * reside in the United States, and where such action may be necessary, to make a written record of such evidence; * * *."

made, applied by telephone to the District Director for a telegraphic warrant of arrest, which was granted.[2] Not until the telegraphic warrant had been issued was the relator arrested, at which time he was advised of its issuance. Promptly, he was taken to a station house and within a half hour the telegraphic warrant was decoded and a copy there served upon the relator. Attached to the application for the warrant, as required by 8 C.F.R. § 150.2, is the form of statement containing relator's answers as recorded by the questioning immigration inspector and these are in accord with his subsequent testimony at his deportation hearing, where he testified through an interpreter. (The reason assigned for his refusal to sign the answers when first taken was that he did not understand English.) The morning following relator's arrest he was given a hearing before an immigration examiner.

The evidence also indicates that relator voluntarily produced his identification papers and neither relator's nor Cordeiro's testimony establishes any unlawful search or illegal seizure. Further, it does not appear that any document was taken from the relator or that any was offered upon the deportation hearing.

■ Finally, the fact of alienage and that relator is here in violation of law is not in dispute; nor is there any contention that the examinations after the issuance of the warrant, presuming the validity thereof, were not in accordance with due process of law. On an application to sustain a writ of habeas corpus "we can determine only whether petitioners can be lawfully detained; and if sufficient ground for their detention is shown, they are 'not to be discharged for defects in the original arrest or commitment.' United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158, 44 S.Ct. 54, 68 L.Ed. 221, quoting Nishimura Ekiu v. United States, supra, 142

U.S. 651, 662, 12 S.Ct. 336, 35 L.Ed. 1146." United States ex rel. Ling Yee Suey v. Spar, 2 Cir., 149 F.2d 881, 883. See also McCandless v. United States ex rel. Murphy, 3 Cir., 47 F.2d 1072; United States ex rel. Pantano v. Corsi, 2 Cir., 65 F.2d 322; Wolck v. Weedin, 9 Cir., 58 F.2d 928.

The writ is dismissed and relator remanded to the custody of the District Director of the New York District of the Immigration and Naturalization Service.

Settle order on notice.

---

2. 8 C.F.R. § 150.2(e): "Telegraphic applications. A telegraphic application for a warrant of arrest shall be resorted to only when there is likelihood that the alien will leave for parts unknown before a formal warrant can be obtained * * *."

8 C.F.R. § 150.3(c): "Warrants of arrest may, where necessary, be transmitted by telegraph, such telegraphic warrant to be followed by the formal warrant of arrest."