**Charles Floyd BOND, No. 99420, Petitioner,**

v.

**Lamoyne GREEN, Superintendent, Marion Correctional Institution, Marion, Ohio, Respondent.**

United States District Court
N. D. Ohio, W. D.
Nov. 3, 1958.

25. Note 23, supra.

**KLOEB, District Judge.**

Petitioner herein, Charles Floyd Bond, confined in State prison at Marion Correctional Institution, forwards his petition for a writ of habeas corpus, together with a brief in support thereof; a motion to proceed in forma pauperis and for the appointment of counsel, together with an affidavit pertaining thereto; a copy of the journal entry filed in the Common Pleas Court of Sandusky County, Fremont, Ohio, on November 15, 1955, recording the sentence of petitioner; a copy of the order of the Court of Appeals for Marion County, Ohio, dated March 12, 1958; and a copy of a letter dated April 25, 1958, addressed to petitioner by Elliot E. Welch, Clerk of the Supreme Court of Ohio, which reads as follows:

"We are in receipt of six copies of petition for a writ of habeas corpus with an affidavit of forma pauperis attached thereto. This is to advise that the Supreme Court has determined on numerous occasions that the docket fee and deposit for costs, required by Section 1512 of the General Code of Ohio, and the Rules of Practice of the Supreme Court, takes precedence over any other statute which may allow a pauper's affidavit to be filed in lieu of a docket fee. For that reason we cannot file these papers and they are being returned to you herewith."

Although petitioner represents that he filed his petition for a writ of habeas corpus in the Court of Common Pleas of Marion County, Ohio in November of 1957, and that this petition was disallowed, no copy of the order of that Court is attached to the petition herein. However, we proceed with this opinion on the assumption that such action was taken.

We have made reasonable investigation in connection with petitioner's motion to proceed in forma pauperis and conclude that he is entitled to proceed as requested and, therefore, order his petition and accompanying papers heretofore enumerated filed with the Clerk of Courts.

The motion for appointment of attorney is denied for reasons hereinafter set forth.

Petitioner claims that he is unlawfully confined and restrained of his liberty under and by virtue of a certain commitment issued in the Sandusky County Court of Common Pleas, Fremont, Ohio, entered on the 12th day of November, 1955, in case No. 29519, in that the judgment and conviction is void for the reason that the Court abused its discretion and exhausted its jurisdiction by imposition of a void sentence; that he has no adequate or effective remedy to vacate or set aside the judgment aforesaid other than through relief by habeas corpus; that the remedy accorded by direct appeal is inadequate and ineffective to test the legality of his detention.

In his brief, petitioner claims that he was arraigned and sentenced by the Common Pleas Judge without first being apprised of his right to counsel, and that he entered a plea of guilty and was sentenced without the benefit of counsel.

Petitioner relies upon Article 1, Section 10, of the Ohio State Constitution, which provides in part as follows:

"In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel".

He relies also on Section 13439–2 of the General Code of Ohio (Section 2941.-50, R.C.), which reads as follows:

"After a copy of an indictment has been served or opportunity had for receiving it, the accused shall be brought into court, and if he is without and unable to employ counsel, the court shall assign him counsel, not exceeding two, who shall have access to such accused at all reasonable hours. * * *".

Although petitioner does not allege that his constitutional rights under the Federal Constitution have been violated, we assume that that is his position.

Section 2243 of Title 28 United States Code Annotated reads in part as follows:

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto. * * *"

Aside from our investigation of the pauper claims of petitioner, heretofore referred to, and a cursory investigation of the facts surrounding the alleged crime, we have refrained from issuing an order to show cause because we believe that it appears from the application and the attached papers that the petitioner is not entitled thereto.

Petitioner was arrested at Medina, Ohio and returned to Fremont, Ohio, prior to November 15, 1955, on a charge of armed robbery, was arraigned before a Justice of the Peace on September 12, 1955, was advised of his right to counsel, entered a plea of guilty and was bound over to the grand jury. On the same date, after being advised of his right to counsel, he signed a written confession and after indictment was arraigned in the Common Pleas Court. On November 15, he was sentenced by the Court to serve a period of not less than ten nor more than twenty-five years. Just what transpired at the time of arraignment and sentence we do not know. We do, however, assume that the Common Pleas Court of Marion County, Ohio,

and the Court of Appeals of Marion County, Ohio, had this evidence before them when they ruled on petitions for writs of habeas corpus filed therein. We assume that they had this evidence before them, but there is nothing in the files accompanying the petition herein to indicate that petitioner there relied upon the same point that he relies upon here, to wit, the failure to acquaint him of his right to counsel and/or the failure to appoint counsel.

Section 2254 of Title 28 United States Code Annotated reads as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

We are of the opinion that it appears from the application that the applicant is not entitled to the order and the relief requested because he has not exhausted the remedies available in the Courts of the State.

In the case of Ex Parte Hawk, 321 U. S. 114, at pages 116, 117, 64 S.Ct. 448, 450, 88 L.Ed. 572, we find the following:

"Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by appeal or writ of certiorari, have been exhausted. * * *

"The denial of relief to petitioner by the federal courts and judges in this, as in a number of other cases, appears to have been on the ground that it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.' * * * ".

In the case of Darr v. Burford, Warden, 339 U.S. 200, at page 208, 70 S.Ct. 587, 592, 94 L.Ed. 761, we find the following:

" * * * Thus comity, which had constrained the lower federal courts to refuse a grant of the Great Writ when remedies in state courts were still open, brought forth the related rule that lower federal courts ordinarily will not allow habeas corpus if the applicant has not exhausted his remedy in this Court by certiorari or appeal from state courts' refusal of relief on collateral attack."

On page 217, of 339 U.S. on page 597, of 70 S.Ct., we find the following:

" * * * The sole issue is whether comity calls for review here before a lower federal court may be asked to intervene in state matters. We answer in the affirmative. Such a rule accords with our form of government. Since the states have the major responsibility for the maintenance of law and order within their borders, the dignity and importance of their role as guardians of the administration of criminal justice merits review of their acts by this Court before a prisoner, as a matter of routine, may seek release from state process in the district courts of the United States. It is this Court's conviction that orderly federal procedure under our dual system of government demands that the state's highest courts should ordinarily be subject to reversal only by this Court *and that a state's system for the administration of justice should be condemned as constitutionally inadequate only by this Court.* From this conviction springs the requirement of prior application to this court to avoid unseemly interference by federal district courts with state criminal administration." (Emphasis supplied.)

In the case of Rowan v. People, 6 Cir., 1945, 147 F.2d 138, the Court of Appeals determined that petitioner had not exhausted his remedies in the State Courts and, therefore, his petition for writ of habeas corpus to obtain his release was properly denied.

The case of McCrea v. Jackson, Warden, 6 Cir., 1945, 148 F.2d 193. On page 197, we find the following:

"We think that appellant's petition should be dismissed without prejudice, however, upon the well established ground that an application for habeas corpus, addressed to a federal court by a person detained under a state court judgment of conviction for crime, will be entertained only after the petitioner has exhausted all remedies available to him in the state courts. * * * "

In the case of Dawsett v. Benson, 6 Cir., 1946, 156 F.2d 669, at page 670, the Court, following Ex Parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572, held that a writ for habeas corpus was not in order in a Federal District Court until all remedies available to him had been exhausted in the State Court and a writ denied in the Supreme Court of the United States.

To the same effect is Downs v. Hudspeth, D.C.1948, 75 F.Supp. 945.

In the case of United States ex rel. Brink v. Claudy, D.C., 96 F.Supp. 220, a decision by District Judge Gourley in the Western District of Pennsylvania (sustained in 3 Cir., 194 F.2d 535), we find the following (Syl. 3):

"The doctrine of exhaustion of state remedies before resort may be had to a federal district court in habeas corpus contemplates the full use of the state court machinery of that

state together with the application for writ of certiorari to the federal Supreme Court and denial thereof."

In the case of Mohler v. State of Michigan, 6 Cir., 1954, 216 F.2d 675, at page 676, we find the following:

"In any event, the remedies that must be exhausted before action is taken in the federal courts include a petition for certiorari from the court of last resort in the state to the Supreme Court of the United States. * * *".

Of concern in this case, of course, is the letter of April 25, 1958, addressed to petitioner by the Clerk of the Supreme Court of Ohio, heretofore quoted, in which he finds that the rules of practice of the Supreme Court preclude the acceptance of a petition for a writ of habeas corpus with an affidavit of forma pauperis attached thereto unless the docket fee of $20 required by General Code, Section 1512 (2503.17, R.C.), is paid. That the Supreme Court of Ohio has abided by this rule of practice is attested to in quite a number of petitions in habeas corpus that we have received in the past from State prisoners.

We fail to see why, in the light of decisions heretofore noted, and especially Darr v. Burford, supra, a Federal District Court in Ohio should be appealed to in habeas corpus matters because a rule of the Supreme Court of Ohio disallows a poor man entrance thereto. A rule of this kind has the net effect, on its face, of impelling a petitioner for a writ of habeas corpus to a Federal District Court after being denied access to the State Supreme Court. This is so in spite of the fact that the Supreme Court of the United States in Darr v. Burford, and other Courts, and particularly the Sixth Circuit Court of Appeals, have taken the position that access to District Courts may not be had until denial of certiorari has been established in the Supreme Court of the United States.

In the case of Griffin v. People of State of Illinois, 1956, 351 U.S. 12, at page 13, 76 S.Ct. 585, 588, 100 L.Ed. 891, we find the following:

"* * * The question presented here is whether Illinois may, consistent with the Due Process and Equal Protection Clauses of the Fourteenth Amendment, administer this statute so as to deny adequate appellate review to the poor while granting such review to all others."

On page 17, of 351 U.S. on page 590, of 76 S.Ct., we find the following:

"* * * Both equal protection and due process emphasize the central aim of our entire judicial system—all people charged with crime must, so far as the law is concerned, 'stand on an equality before the bar of justice in every American court.' Chambers v. [State of] Florida, 309 U.S. 227, 241, 60 S.Ct. 472, 479, 84 L.Ed. 716. See also Yick Wo v. Hopkins, 118 U.S. 356, 369, 6 S.Ct. 1064, 1070, 30 L.Ed. 220."

See also Eskridge v. Washington State, etc., 1958, 357 U.S. 214, at page 216, 78 S.Ct. 1061, at page 1062, 2 L.Ed.2d 1269.

Unless a back door is to be opened and kept open affording access to the United States District Courts for petitions for writs of habeas corpus on the part of State prisoners, petitioners must proceed through the Supreme Court of Ohio and from thence to the Supreme Court of the United States as required by the decisions. Access to the Supreme Court of Ohio may now be had only by those State prisoners who possess the filing fee. Access is denied those who do not possess it.

We believe that petitioner here should again offer his petition to the Supreme Court of Ohio if he desires to further pursue his efforts, and if access thereto is again refused because of lack of a filing fee that he should then petition the Supreme Court of the United States for certiorari. This, we believe, should be done before an effort is again made to gain access to a United States District Court.

The petition for writ of habeas corpus in this Court is denied and ordered dismissed.

Orders are drawn accordingly.