**UNITED STATES of America ex rel. James WILLIAMS**

v.

**David N. MYERS, Superintendent, State Correctional Institution, Graterford, Pennsylvania.**

Misc. No. 2286.

United States District Court
E. D. Pennsylvania.

Aug. 9, 1961.

James Williams pro se.

WOOD, District Judge.

The petitioner was tried and convicted on two bills of indictment charging aggravated robbery and is at present confined in the State Correctional Institution at Graterford, Pennsylvania for a period of not less than ten nor more than twenty years on each bill, sentences to run consecutively. The petition avers illegal arrest, illegal search and seizure, coercion in the procuring of petitioner's confession, introduction of fabricated and hearsay testimony, and misconduct by the District Attorney during the course of the petitioner's trial. The petitioner contends that he was deprived of due process of law and that his constitutional rights were thereby violated.

We entered an order to show cause why the writ should not issue, reserving our decision on the advisability of a hearing. Subsequently, the respondent filed an answer denying each and every allegation in the petition. We then issued a second order calling for the record of the proceedings in petitioner's case, and we were furnished with a transcript of the notes of testimony and of the charge of the court.

After a careful examination of the notes of testimony and the charge of the court, we have concluded that the petition must be denied.

Most of the allegations in the petition do not present Federal questions. It is settled law that any defects in procedure in arrest are not grounds for discharge under habeas corpus. Price v. McCarty, 2 Cir., 89 F. 84; United States ex rel. Cecilia v. United States Depart-

ment of Justice, Immigration & Naturalization Service, D.C., 102 F.Supp. 204; United States ex rel. Brink v. Claudy, D.C.Pa.1951, 96 F.Supp. 220, affirmed 3 Cir., 194 F.2d 535, affirmed 200 F.2d 699, certiorari denied 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1360. As to the averment of illegal search and seizure, it need only be noted that no items which had been taken from petitioner's home were introduced at the trial. Of course, the credibility of witnesses, weight of the evidence, etc., are not matters which are reviewable by way of a writ of habeas corpus. The notes of testimony completely refute the charge of misconduct by the District Attorney. The one averment of the petition which does present a Federal question is the charge that the Commonwealth introduced into evidence statements signed by the petitioner in which he admitted having committed the crimes with which he was charged.

The notes of testimony reveal that the police detectives who interrogated the petitioner all stated that he willingly admitted to the crimes, and voluntarily showed the detectives the places where these crimes had been committed. The petitioner's testimony that he was threatened, and that he did not know what he was signing, was the only evidence of the alleged coercion. A study of the charge of the court reveals that the issue of the voluntary nature of the statements was submitted to the jury under adequate instructions from the court. In these circumstances it is not for us to re-evaluate the conflict in testimony with regard to the voluntary nature of the petitioner's statements. That issue was legally resolved by the jury in favor of the Commonwealth and against the petitioner. We may rely upon this resolution without conducting a further hearing. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

Since there are no factual issues for our determination, and for the reasons stated above, we enter the following Order:

Order

And now, to wit, this 9th day of August, 1961, it is hereby ordered that the petition for writ of habeas corpus is denied