**Arnold Sanchez FERNANDEZ, Appellant,**

v.

**John H. KLINGER, Appellee.**

**No. 19153.**

United States Court of Appeals
Ninth Circuit.

May 27, 1965.

Arnold S. Fernandez, in pro. per.

Stanley Mosk, Atty. Gen. of Cal., Wm. E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen. of Cal., Los Angeles, Cal., for respondent.

Before BARNES and ELY, Circuit Judges, and PENCE, District Judge.

BARNES, Circuit Judge.

Appellant, Arnold Sanchez Fernandez, is presently incarcerated at the California Mens Colony in Los Padres, California. Fernandez' imprisonment resulted from his conviction in the state court of violating Section 647a of the California Penal Code, making it a crime for any person to annoy or molest a child under the age of eighteen years. Fernandez' confinement in a state prison was authorized by the more stringent penalties prescribed by Section 647a when sentencing defendants with prior convictions under the related offense of California Penal Code § 288.[1]

After appellant had exhausted state procedures for review of his conviction, he filed a petition for a writ of habeas corpus. The state courts rejected this petition. On May 15, 1963, appellant petitioned for a writ of habeas corpus in the United States District Court under the provisions of 28 U.S.C. § 2241(a). The petition for habeas corpus was denied on its merits on July 15, 1963. This timely appeal followed; invoking our jurisdiction under 28 U.S.C. § 2253.

Appellant's violation of Penal Code § 647a arose from his relationship with two young boys, Willie James McGee, a six or seven year old, and Earl Morse (age not revealed). The testimony at the state trial revealed that Fernandez induced the two boys to get in his car by promising to give them a quarter. He then told the boys that "he would go where nobody could see them." The testimony also indicates that, after successfully enticing Willie and Earl into the car, appellant put his arm around Willie and rubbed the legs of both boys.

While appellant and the two boys were still in the car, Robert McGee, Willie's father, spotted the three from his vehicle, and proceeded to force appellant to pull over to the curb and up onto the sidewalk. McGee, brandishing a knife, held appellant in custody while the police were summoned. During this period of detention, McGee noticed that appellant's pants were unzipped, but that his "privates" were not exposed. Before the arrival of the police, McGee ordered appellant to drive his car off the sidewalk. Appellant used this opportunity to attempt to escape, but McGee again apprehended him, this time in a neighboring "Drive-In" theatre. Appellant was shortly thereafter placed under formal arrest by the police.

Appellant's self-prepared petition appears to present six distinct grounds claimed to support issuance of the writ:

1. Illegal arrest and unlawful search and seizure.

2. Incompetency of a six or seven year old witness.

3. Insufficiency of the evidence.

4. Unconstitutionality of California Penal Code § 647a.

5. Double jeopardy.

6. *Conviction under a repealed statute.*

■■ Many of the allegations raised in appellant's petition do not present federal questions. For example, the allegations of insufficiency of the evidence and incompetency of a minor witness are *clearly not matters which are reviewable by writ of habeas corpus in the federal courts.* In addition, without reaching the merits of whether a defect in arrest did occur in the present case, we can dispose of this allegation on the settled

---

1. Section 288 relates to "lewd or lascivious acts upon the body of a child under 14."

proposition that defects in procedure in arrest are not grounds for discharge under habeas corpus. Price v. McCarty, 89 F. 84 (2d C.C.A.1898); United States ex rel. Cecilia v. United States Dept. of Immigration & Nat. Serv., 102 F.Supp. 204 (S.D.N.Y.1952); United States ex rel. Brink v. Claudy, 96 F.Supp. 220 (W.D.Pa.1951), aff'd 200 F.2d 699, cert. denied Brink v. Com. of Pa., 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1360 (1953).

■ The federal questions that are raised by the petition must be resolved against appellant. The averment of an unreasonable search and seizure is entirely frivolous for no evidence exists of *any* incident of search or seizure. The evidence which served to convict appellant was testimony of his acts and communications with the two boys; no tangible evidence seized by police officers nor evidence obtained in the course of a search of appellant's person or property can be found anywhere in the record of the proceedings. All averments of Fourth Amendment violations are rejected.

■ Appellant also challenges the constitutionality of Penal Code § 647a on the ground that it is so vague and indefinite as to violate due process. We find, in accord with a host of California cases which have treated this allegation, e. g., People v. Pallares, 112 Cal.App.2d Supp. 895, 246 P.2d 173 (1952), that the statute is sufficiently definite to state a public offense. The words "molest" or "annoy" have accepted community meanings and are appropriate standards for a criminal statute.

■■ Appellant's secondary claim of unconstitutionality is directed to the broad category of so-called vagrancy statutes, with particular emphasis placed upon the possible unconstitutionality of Penal Code § 647a(2). We find it unnecessary to examine the constitutionality of laws which prohibit loitering or trespassing. The conviction challenged in the present matter involves a sex offense, and the objections to vagrancy that appellant raises are inappropriate in this setting. We reject appellant's contention that Penal Code § 647a(1) is unconstitutional.

Appellant's claim of double jeopardy is wholly misplaced. The imposition of more severe penalties where a defendant has been previously convicted of related offenses, as in the present case, is clearly proper and bears no relationship to the Constitutional prohibition against placing one in jeopardy twice for the same or lesser included offenses. "In plain language, the [double jeopardy] doctrine is that one may not be tried or prosecuted a second time for the *same offense*." 22 C.J.S. Criminal Law § 238. (Emphasis added.) We have previously rejected this identical challenge under Section 2, as amended, of the Narcotic Drugs Import and Export Act, 21 U.S.C. § 174, which also authorizes increased sentences for second offenders. Sherman v. United States, 241 F.2d 329 (9th Cir.), cert. denied 354 U.S. 911, 77 S.Ct. 1299, 1 L.Ed.2d 1429, reh. denied 355 U.S. 852, 78 S.Ct. 78, 2 L.Ed.2d 61 (1957).

Appellant's final averment must also be rejected. Appellant notes that before his conviction became final Penal Code § 647 was repealed. This section was in fact repealed, but Section 647 is a provision entirely distinct from Section 647a. The latter section, the one under which Fernandez was convicted, is not a subdivision of Section 647, and was in no way affected by the repeal of Section 647.

For the reasons herein stated, we find that the district court properly denied appellant's petition for a writ of habeas corpus.