Charlie Linwood WIMBUSH, Petitioner,

v.

COMMONWEALTH OF VIRGINIA, Respondent.

Civ. A. No. 69-C-49-D.

United States District Court,
W. D. Virginia,
at Danville.

Oct. 22, 1970.

Charlie Linwood Wimbush, pro se.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

WIDENER, District Judge.

The petitioner is held in custody pursuant to a judgment of the Circuit Court of Pittsylvania County of May 28, 1968, wherein petitioner was convicted for the murder of his wife, Bernice Petty Wimbush, and sentenced to twenty years in the Virginia State Penitentiary.

In his petition for writ of habeas corpus before this court, the petitioner sets forth three grounds which he contends require this court to set aside his state court conviction. These are:

(1) That the state trial court erred in allowing a confession made by the petitioner to be introduced into evidence;

(2) That the state trial court allowed an incompetent witness to testify; and

(3) That the trial court erred in allowing evidence of other crimes allegedly committed by the petitioner to be introduced into evidence.

■ The petitioner raised these same contentions in his assignments of error when his conviction was appealed to the Supreme Court of Appeals of Virginia. Thus, petitioner has sufficiently exhausted his state remedies to permit this court to consider these three grounds. See Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

■ The petitioner made two in-custody oral confessions. The first was made at the scene of the offense, and the second was made in a hospital room several hours after petitioner was arrested. The second confession was not introduced into evidence at the trial, and petitioner is challenging only the first confession.

The petitioner concedes that he was given the usual Miranda-type warning by the arresting officer and does not dispute the contents of the confession which was introduced. The petitioner's challenge is to the "voluntariness" of the confession. He contends that due to two self-inflicted wounds he was not able to voluntarily, knowingly and intelligently waive his right of protection under the Fifth Amendment privilege against self-incrimination.

In order to determine if the contested confession was voluntarily given, the trial court heard testimony in chambers concerning the circumstances surrounding the confessions. The petitioner testified at the out-of-court hearing, as did Deputy Sheriff C. C. Lipford, Sheriff T. E. McGregar, and Deputy Sheriff C. C. Chaffin. The petitioner's attorney cross-examined each of the officers who testified. The witnesses were also questioned by the court. The testimony in chambers concerning the confessions covers over nineteen pages of trial transcript. The record indicates that the trial judge made extensive inquiry into the circumstances of the confessions and his finding that the confessions were made voluntarily is supported by the record. The judge, referring to petitioner's confession found:

"I think the statements are admissible * * * I think this man knew what he was talking about because he came out of the house with a statement before he had an opportunity to even be arrested or even spoken to, * * * *"

The trial court's express findings upon the issue of the voluntariness of petitioner's confession, made after a full hearing upon the relevant facts, are presumed to be correct, 28 U.S.C. § 2254(d). See Heisler v. Cox, 431 F.2d 581 (4th Cir. 1970).

The scope of a federal court's review of state court determinations of fact in a habeas corpus case is governed by 28 U.S.C. § 2254(d), which states:

"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to

which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceedings;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding;

(7) or that the applicant was otherwise denied due process of law in the State court proceeding; or

(8) unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record: * * *"

In the present case, the petitioner has not established and respondent has not admitted any of the circumstances described in paragraphs (1) through (7) above, nor does it otherwise appear that any of the circumstances exist.

It is obvious that the trial judge came to the correct conclusion.

The principal, and probably the only, reason for the Commonwealth to offer the statement of Wimbush was to connect the defendant with the shooting of his wife. This was completely unnecessary to its case, since it introduced an eyewitness to the shooting. In addition, a rebuttal witness testified that Wimbush had said, while not in custody, that he (Wimbush) had shot his wife.

The court is of opinion that Wimbush has not complied with 28 U.S.C. § 2254 (d), and therefore the findings of fact of the trial judge must stand; and is further of opinion that the trial judge was correct in his ruling even if not supported by the presumption of 28 U.S.C. § 2254(d).

The record as a whole fairly supports the factual determination made by the state court. Thus, the findings of the state court as to the voluntary nature of the confession shall be taken as correct, and this court need not make further inquiry on this point.

■ The petitioner's contention that Willie Wink Wimbush, petitioner's eight year old son, was not a competent witness and therefore should not have been allowed to testify is not a matter which this court may decide in a habeas corpus proceeding. The United States Court of Appeals for the Ninth Circuit specifically set out the applicable rule in such a case in Fernandez v. Klinger, 346 F.2d 210, cert. denied, 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152. In that case, the court said:

"the allegations of insufficiency of the evidence and incompetency of a minor witness are clearly not matters which are reviewable by writ of habeas corpus in the federal courts." *Fernandez,* at 211.

Completely aside from *Fernandez,* the record reveals that the testimony of the minor son was quite reliable. Several other witnesses testified that the boy was the person who spread the alarm about the shooting, saying that his father had shot his mother.

Shortly after petitioner killed his wife, he shot and killed Clyde Thompson, the man with whom petitioner's wife was living. During petitioner's trial for the murder of his wife, reference was made from time to time to the killing of Clyde Thompson. The two killings were closely related in time, location, and motive. Petitioner's oral confession, which was introduced into evidence, referred to both killings.

In a case involving a federal habeas corpus petition challenging the admissibility of evidence in a state court, the court, in Grundler v. North Carolina, 283 F.2d 789 (4th Cir. 1960), stated:

"Normally, the admissibility of evidence, the sufficiency of evidence, and instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues. It is only in circumstances impugning fundamental fairness or infringing specific constitutional protections that a federal question is presented, 283 F.2d 789, 802.

"There is a difference between a conviction based upon evidence deemed insufficient as a matter of state criminal law, and one so totally devoid of evidentiary support as to raise a due process issue. It is only in the latter situation that there has been a violation of the Fourteenth Amendment, affording the state prisoner a remedy in a federal court on a writ of habeas corpus." 283 F.2d 789, 801.

 The court does not decide whether or not the evidence of the killing of Clyde Thompson was properly introduced. The complete state court record which is before this court reveals that the trial judge took particular pains to insure that the petitioner received a full and fair trial. After evidence of the killing of Clyde Thompson was introduced, the judge instructed the jury that the killing of Thompson had nothing to do with the case then being tried. Excluding, for the purpose of argument, the evidence of the killing of Clyde Thompson and the in-custody confession,

there was overwhelming evidence, including the testimony of an eyewitness, which established the petitioner as the killer of Bernice Wimbush. Thus, the question of the admissibility of evidence of other crimes raises no issue of due process and is not a proper ground for federal habeas corpus relief.

An examination of the record in the state court discloses that all facts necessary for the determination of the contentions here were fully and fairly developed, and that no further hearing is required. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

The petitioner, not being detained in violation of the Constitution or laws of the United States, an order is this day entered dismissing the petition.