**Walter W. LAMAY**

v.

**The STATE of Maine and Allan L. Robbins, Warden Maine State Prison.**

Supreme Judicial Court of Maine.

May 4, 1971.

Robert J. Gingras, Couturier & Gingras, Alan L. Sachs, Augusta, for plaintiff.

Clayton N. Howard, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This is an appeal from the denial of the Defendant's petition for a Writ of Habeas Corpus. The Petitioner had been convicted on a plea of Guilty to a charge of grand larceny and sentenced to a term in the Maine State Prison. It is apparent that the Justice below read the official transcript of the proceedings in the Superior Court having to do with the appointment of counsel for the Petitioner, his arraignment and sentencing. Based solely on this evidence he concluded that the Petitioner had no valid complaint and that he had sworn falsely to the facts alleged in the petition. On these assumptions he concluded that the petition was without merit, declined to appoint counsel or assign the matter for hearing and dismissed the petition.

The petition includes an allegation that the "petitioner did not *knowingly* waive his right to trial by jury, his right to be free of compulsory self-incrimination, or his right to confront and cross-examine his accusers." (Emphasis added)

The petition also alleges that "petitioner was deprived of his constitutional right to present his own defense in that the Court refused to hear the case unless and until he accepted court-appointed counsel even though Petitioner clearly indicated that he *wished* to appear pro se." (Emphasis added)

The record before us discloses that the Justice below denied the petition prior to the filing of an Answer by the State and, therefore, the allegations in the petition were neither admitted nor denied.

We limit our decision to the single question of whether it was legally permissible to dismiss the petition without hearing in view of the subjective allegations above emphasized.

14 M.R.S.A. 5501 establishes the right of every person unlawfully deprived of his personal liberty to have the benefit of the Writ of Habeas Corpus. Whether or not this Petitioner is entitled to the benefit of the writ depends upon a factual demonstration that in some respect he has been unconstitutionally denied due process. It would seem to be axiomatic that he should have the right to offer proof in support of allegations asserting a denial of due process.

In the case before us it is clear that the Justice below had no evidence presented before him bearing upon whether or not the Petitioner had *knowingly* waived the rights of which he claimed to have been deprived. Furthermore, it is equally clear that he was not given an opportunity to present any testimony bearing upon his contention that he "wished" to take advantage of his constitutional right "to be heard by himself and his counsel, or either, at his election;" Article 1, Section 6 Constitution of Maine.

In our view of the record there have been allegations made which, if the Petitioner had been allowed to offer proof thereof, might have permitted the Justice below to reach a different conclusion than the one he did. In Habeas Corpus the petitioner assumes the burden of proving the truth of his allegations by a preponderance of the evidence and, therefore, should be given an opportunity to present testimony on disputable issues.

In the Federal Court hearings become mandatory where the facts are in dispute and it has been said, in reference to a state court hearing, "There cannot even be the semblance of a full and fair hearing unless the state court actually reached and decided

 

the issues of fact tendered by the defendant." Townsend v. Sain (1963) 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.[1]  See, also, Heisler v. Cox, 431 F.2d 581 (4th Cir. 1970) ; United States v. Simpson (CADC 1970) 8 Cr.R. 2051.

Our opinion is limited to a holding that when there are relevant allegations of fact in a petition which, if satisfactorily proved, would entitle the Petitioner to the writ, a hearing becomes mandatory.

The decree is

Appeal sustained.  Remanded to the Superior Court for the appointment of Counsel and such further proceedings as may be required.

---

1.  This statement of the law was adopted as correct in the dissenting opinion, the dissent being based on other grounds.