**Bill TEAGUE, Petitioner,**

v.

**W. H. WRIGHT, etc., Respondent.**

**Civ. No. 2548.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 21, 1971.

———◆———

Bill Teague, pro se.

Bart Durham, Asst. Atty. Gen., State of Tennessee, Nashville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

Responsive to this Court's order of June 25, 1970 for the respondent to show cause why the federal writ of habeas corpus should not be granted herein, he claims that the questions presented herein have been determined by Tennessee courts of competent jurisdiction, as evidenced by written opinions, after consideration of the merits of the factual issues in a proceeding, to which the petitioner Mr. Teague and the state of Tennessee were parties. Such opinion is presumed to be correct, unless the applicant Mr. Teague has established, or it otherwise appears, or the respondent has admitted, that one of the situations set forth in 28 U.S.C. § 2254(d) is present.

The first contention of Mr. Teague is that the evidence adduced on his trial in State of Tennessee v. Bill Teague et al., No. 8412 in the Criminal Court of Washington County, Tennessee, was insufficient to support the jury's finding that he is guilty as charged in the indictment therein. This claim may not be considered by this Court. The insufficiency of the evidence to support such conviction of Mr. Teague does not present a federal question and is not reviewable by this Court on his application for the federal writ of habeas corpus. Fernandez v. Klinger, C.A.9th (1965), 346 F.2d 210, 211 [1], certiorari denied (1965), 382 U.S. 895, 86 S.Ct. 191, 15 L.Ed.2d 152.

The second claim of Mr. Teague is that he was convicted on evidence of his identification from an in-custody police lineup. The transcript of the testimony and other evidence in the aforenumbered trial support the factual finding of the Court of Criminal Appeals of Tennessee therein, 28 U.S.C. § 2254(d)(8), that no evidence of Mr. Teague's being identified in a police lineup while in custody was admitted before the jury; thus, the jury could not have considered any such evidence in deciding Mr. Teague's guilt or innocence.

It appearing from the application of Mr. Teague and the return of the respondent, which present only questions of law, that Mr. Teague is not entitled to the federal writ of habeas corpus, this Court has summarily considered same and disposed of the matter, as law and justice require, by denying the application, 28 U.S.C. § 2243, which hereby is

Dismissed.