UNITED STATES of America ex rel.
Clifford L. BURGETT, Relator-
Appellant,

v.

Walter H. WILKINS, Warden of Attica State Prison, and The People of the State of New York, Respondents-Appellees.

No. 44, Docket 26279.

United States Court of Appeals
Second Circuit.

Argued Sept. 26, 1960.

Decided Oct. 13, 1960.

Clifford L. Burgett, pro se.

George K. Bernstein, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., Paxton Blair, Sol. Gen., Albany, N. Y., Irving Galt, Asst. Sol. Gen., New York City, on the brief), for respondents-appellees.

Before LUMBARD, Chief Judge, and TUTTLE * and FRIENDLY, Circuit Judges.

PER CURIAM.

Relator, who seeks to attack his New York State conviction for abduction entered upon his plea of guilty, has not offered any excuse for his failure to exhaust state remedies by applying to the United States Supreme Court for a writ of certiorari to review the denial of his *coram nobis* applications, other than his lack of knowledge of the requirement. Relator was represented by assigned counsel in both of his collateral attacks upon his conviction in the state courts. Moreover, although he now alleges that his assigned counsel, in one of the collateral attacks, was "unfaithful" in failing to exhaust state judicial remedies, he has failed to raise this in the state courts.

In any event, the relator's claim that he was illegally arrested by a local police officer raises no federal question. The legality of the arrest is immaterial in view of the subsequent indictment. Even where illegality is conceded, habeas corpus does not lie to release a prisoner who has been convicted, as appellant was, after an indictment by a grand jury has established a sufficient basis for holding him for trial. See Price v. Johnston, 9 Cir., 1944, 144 F.2d 260; cf. Frisbie v. Collins, 1952, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541. Nor are the relator's vague references to a confession sufficient to raise any federal question.