## State of Connecticut *v.* Robert B. Traub

King, C. J., Murphy, Shea, Alcorn and Comley, Js.

Reargued October 8—decided December 17, 1963

*James D. Cosgrove,* public defender, for the appellant (defendant).

*George D. Stoughton,* assistant state's attorney, with whom, on the brief, were *John D. LaBelle,* state's attorney, and *Harry W. Hultgren, Jr.,* assistant state's attorney, for the appellee (state).

KING, C. J. On June 17, 1963, the Supreme Court of the United States granted certiorari in the case of *Traub* v. *Connecticut,* 374 U.S. 493, 83 S. Ct. 1899, 10 L. Ed. 2d 1048, and ordered and decreed that the judgment rendered by us in *State* v. *Traub,* 150 Conn. 169, 187 A.2d 230 (decided December 18, 1962), be vacated and the cause be remanded for further consideration in the light of *Wong Sun* v. *United States,* 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441, and *Ker* v. *California,* 374 U.S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726, each decided after our decision in *State* v. *Traub.*

In our first opinion in this case, we were primarily concerned with whether, despite any technical irregularities or illegality in (1) Traub's arrest on a breach of the peace charge (p. 173), (2) his subsequent detention in jail under that charge (p. 173), and (3) certain "borrowing" practices followed by the police and more fully described in the original opinion (p. 177), his confessions, either verbal or in the form of reenactments of the crimes charged, were in truth voluntary, as the trial court had found them to have been proven to be. We held that they were truly voluntary and that consequently they were properly admitted into evidence. *State* v. *Traub,* supra, 187.

The mandate of the United States Supreme Court directing the reexamination of our affirmance of Traub's conviction in the light of the *Wong Sun* and *Ker* cases, requires, at the outset, a determination of the holdings of each of those two cases, at least

insofar as either is applicable to the *Traub* case. In the *Ker* case, the Supreme Court (p. 30) further explained the holding in *Mapp* v. *Ohio,* 367 U.S. 643, 655, 81 S. Ct. 1684, 6 L. Ed. 2d 1081, which was to the effect that the fourth amendment to the federal constitution forbidding unreasonable searches and seizures is enforceable against the states through the fourteenth amendment by the same sanction of exclusion as is used against the federal government. It was held in *Ker* (p. 33) that the reasonableness of a search or seizure is to be judged in the state courts by the same fundamental criteria as were laid down in the opinions of the Supreme Court applying to the federal government the fourth amendment and that rules governing arrests, searches and seizures as developed and applied in the states must comply with this standard. Even though evidence is obtained in a manner which does not violate the applicable rules of a state, it will be inadmissible if those rules, or the applications of them by the state court, violate the proscriptions of the fourth amendment. *Ker* v. *California,* supra, 34.

When the *Traub* case was previously before us, we did not definitely determine the legality, under Connecticut law, of Traub's arrest, or of his detention under it, or of his trips outside the jail with the police under the so-called "borrowing" practice. We do not now find it necessary definitely to pass on the legality of these matters, although we adhere to our original view that probably they were technically illegal, and we so assume for the purpose of determining this appeal. Cf. Public Acts 1963, No. 126.

We now turn to the case of *Wong Sun* v. *United States,* supra. While interpretations of the holding of the majority opinion in that case probably have

not been in entire harmony, we know of no court which has yet regarded the case as authority for the proposition that any confession made in the course of, or following, an illegal detention, whether or not preceded by, or incident to, an illegal arrest, is per se inadmissible as matter of law.

We think that where, as in *Traub,* there are confessions or reenactments made during the course of a detention, which, as we assume here, is illegal, they are, prima facie, inadmissible under the *Wong Sun* rule. As pointed out in the *Traub* case (p. 175): "Unless the state has, in a given case involving a particular accused, proved that under all the circumstances a particular confession by him was voluntary, that confession is inadmissible . . .". In other words, the state is required to prove voluntariness as a prerequisite to the admissibility of a confession in any case, but the effect of an illegal detention, under the *Wong Sun* rule, as we understand it, is to add to that burden.

Where, as we are assuming for the purposes of this opinion, an arrest and detention are illegal, a confession made during such detention cannot be admitted in evidence unless and until the state proves that the confession was truly voluntary, and in making such proof, any element of coerciveness due to the arrest or detention itself will be a necessary ingredient. But even though, from the evidence produced, a confession made during an illegal detention is properly found to have been truly voluntary, nevertheless, if the illegal detention was an operative factor in causing or bringing about the confession, then the confession will be considered as the fruit of the illegal detention and will be inadmissible. It is this causation factor which *Wong Sun* added to the previously settled voluntariness re-

quirement in the sense that proof of its absence is now a prerequisite to the admissibility of an otherwise voluntary confession, if the confession was made during an illegal detention. In the event the detention is legal, this causation factor is immaterial if the primary requirement of voluntariness is proven. Even though a detention is illegal, if the confession is truly voluntary and the causation factor of the illegal detention is so weak, or has been so attenuated, as not to have been an operative factor in causing or bringing about the confession, then the connection between any illegality of detention and the confession may be found so lacking in force or intensity that the confession would not be the fruit of the illegal detention.

In other words, where, as we are assuming for the purposes of this opinion, a detention is illegal, a confession made during such detention cannot be admitted unless and until the state proves that (1) the confession was truly voluntary and (2) it was not caused or brought about by, or the fruit of, the illegal detention. It is the second, or causation factor, which *Wong Sun* added to the voluntariness requirement. If the detention is illegal, then it must be eliminated as an operative factor. If the detention is legal, the causative factor is immaterial if the first requirement of voluntariness is satisfied. This distinction is made because, as in *Mapp,* we are concerned with a policy rule.

In *Wong Sun,* the United States Supreme Court reversed the Court of Appeals which, in 288 F.2d 366, 371 (9th Cir.), had held that Toy's declarations were voluntary. In so doing, the Supreme Court said that under the particular circumstances, characterized as "oppressive" in the footnote on page 486, "it is unreasonable to infer that Toy's response

[in the nature of a confession] was sufficiently an act of free will to purge the primary taint of the unlawful invasion [of his apartment]". This language is wholly inconsistent with any concept that the preexisting voluntariness test was wholly abandoned or that any confession made during the course of an illegal detention was ipso facto inadmissible.

On the other hand, as hereinbefore indicated, it is not our view that the *Wong Sun* case made no change at all in the preexisting law to the effect that voluntariness was the sole test. Cases seeming to support the view that voluntariness remained the sole test, even after *Wong Sun,* include *Hollingsworth* v. *United States,* 321 F.2d 342, 350 (10th Cir.); *Prescoe* v. *State,* 231 Md. 486, 494, 191 A.2d 226, followed in *Stewart* v. *State,* 232 Md. 318, 193 A.2d 40, 44, and in *Peal* v. *State,* 232 Md. 329, 193 A.2d 53, 55. To the same general effect are *United States* v. *Burke,* 215 F. Sup. 508, 511 (D. Mass.), and *State* v. *Lavallee,* 104 N.H. 443, 448, 189 A.2d 475; but cf. *People* v. *Mickelson,* 59 Cal. 2d 448, 450, 380 P.2d 658, *People* v. *Haven,* 59 Cal. 2d 713, 718, 381 P.2d 927, and *Commonwealth* v. *Jacobs,* 191 N.E.2d 873, 880 (Mass.).

In our original opinion in this case, we were confronted with the issue whether the confessions were truly voluntary and therefore properly admissible in evidence. In reviewing that question, we were required to and did consider whether any of the circumstances, including, of course, Traub's arrest and detention, had any coercive or compulsive effect on Traub in bringing about the confessions, and we determined that they did not.

In reexamining our original holding in the light of *Wong Sun* and *Ker,* we ordered briefs and full reargument on the issues involved in the remand

from the United States Supreme Court. No new or additional facts were claimed by either side. We therefore have again searched the record with particular emphasis on whether facts appear from which the trial court could reasonably have concluded that Traub's arrest or detention, assuming it to be illegal, was an operative factor in producing any or all of his confessions.

Upon our reexamination of the facts we are able to, and do, determine that the state proved (1) that Traub's confessions, including his reenactments, were truly voluntary and (2) that his detention was not an operative factor in causing or bringing about any of them and that none of them was the fruit of that detention, even though we assume, for the purposes of this case, that his detention was illegal and followed an illegal arrest. We therefore conclude that Traub's conviction was neither inconsistent with nor unresponsive to the law as laid down in the opinions in the *Wong Sun* and *Ker* cases.

The judgment of conviction is affirmed.

In this opinion the other judges concurred.