JOSEPH D'AMICO *v.* FREDERICK G. REINCKE, WARDEN, CONNECTICUT STATE PRISON

ALCORN, HOUSE, COTTER, THIM and COVELLO, Js.

Argued November 9—decided December 7, 1967

*David M. Borden,* special public defender, for the appellant (plaintiff).

*Robert K. Walsh,* assistant state's attorney, with whom, on the brief, was *George R. Tiernan,* state's attorney, for the appellee (defendant).

ALCORN, J.   In 1958, the plaintiff was arrested pursuant to a Superior Court bench warrant issued on an application unsupported by oath or affirmation.   Thereafter, he was presented in the Superior Court and pleaded not guilty to a charge of breaking and entering with criminal intent and, following a court trial, was convicted, sentenced to, and imprisoned in the Connecticut reformatory.   In 1960, he was again presented in Superior Court and pleaded guilty to a count of breaking and entering with criminal intent and to a count charging him with being a second offender.   He was sentenced to the state prison, where he is now confined. In May, 1965, he brought this petition for habeas corpus, acting pro se.   The writ issued, and counsel was appointed to represent him.   The petition alleged the imprisonment to be illegal and in violation of the fourth, sixth, and fourteenth amendments to the constitution of the United States and of article first, § 8, of the Connecticut constitution (now Connecticut constitution, 1965, article first, § 7).   The claim is that the arrest prior to the 1958 conviction was illegal, that, therefore, that conviction cannot stand, and that consequently he was improperly convicted as a second offender in 1960.

The claim, under the sixth amendment, that he was "not adequately represented by counsel" has been abandoned. *State* v. *Grimes,* 154 Conn. 314, 317, 228 A.2d 141. Following a hearing, the petition was denied, the judgment was certified for review, and the plaintiff has appealed.

The claim is that, under what is now article first, § 7, of the constitution of Connecticut, there has always been the requirement that an arrest warrant be issued only on oath or affirmation, and consequently a retroactive application of *State* v. *Licari,* 153 Conn. 127, 214 A.2d 900, is not necessary for the granting of the relief sought. In the alternative, it is claimed that, if the first proposition is unsound, the *Licari* case must be given retrospective effect. In either event, it is claimed that the 1960 judgment must be declared a nullity, and the plaintiff must now be released from confinement.

In *Reed* v. *Reincke,* 155 Conn. 591, 599, 236 A.2d 909, we discussed at length the reasons why an arrest held to be illegal under the mandate of the fourth amendment to the constitution of the United States did not, when no timely objection was made, deny due process of law to an accused person. The language of what is now § 7 of article first of the constitution of Connecticut does not differ significantly from that of the fourth amendment to the constitution of the United States. No reason is suggested to us in the present case, nor do we conceive of one, for applying any different reasoning to the one section than to the other. For the reasons set forth in the *Reed* case, we hold that the judgment cannot be disturbed.

There is no error.

In this opinion the other judges concurred.