### UNITED STATES ex rel. Chester ORSINI

v.

### Frederick REINCKE, Warden, Connecticut State Prison.

### Civ. No. 12295.

United States District Court
D. Connecticut.
Feb. 2, 1968.

Igor I. Sikorsky, Jr., Hartford, Conn., for petitioner.

George R. Tiernan, State's Atty., Richard P. Sperandeo, Asst. State's Atty., New Haven, Conn., for respondent.

## MEMORANDUM OF DECISION ON PETITION FOR WRIT OF HABEAS CORPUS

### Exhaustion of State Remedies

BLUMENFELD, District Judge.

Chester Orsini, presently confined in the Connecticut State Prison under a sentence of not less than one nor more than four years imposed after his conviction by a jury for aiding and abetting in the commission of an abortion in violation of Conn.Gen.Stats. § 53–29, petitions for a writ of habeas corpus.

1. More are likely on the way. The Supreme Court of Connecticut has recently affirmed the denial of the writ in six similar cases. Reed v. Reincke, 236 A.2d 909; D'Amico v. Reincke, 236 A.2d 914; San Giovanni v. Reincke, 236 A.2d 917; Gould v. Reincke, 236 A.2d 916; Langley v. Reincke, 236 A.2d 924; Ritchie v. Reincke, 236 A.2d 924.

The first two grounds to be considered have been adversely decided on direct appeal to the Supreme Court of Connecticut, State v. Orsini, 155 Conn. 367, 232 A.2d 907. As to those, his state remedies have been exhausted. United States ex rel. West v. La Vallee, 335 F.2d 230 (2d Cir. 1964).

### Illegal Arrest

The petitioner's first claim is that because his arrest was under a bench warrant issued without the support of any affidavit of probable cause, his conviction was void for lack of jurisdiction over his person. He relies upon State v. Licari, 153 Conn. 127, 214 A.2d 900 (1965). Promptly after that decision, several state prisoners sought writs of habeas corpus in this court on the same ground asserted by Orsini. These petitions were consistently dismissed. E. g., United States ex rel. Jackson v. Reincke, Civil No. 11,619 (D.Conn. Jan. 11, 1967); United States ex rel. Beatty v. Reincke, Civil No. 11,734 (D.Conn. Dec. 13, 1966); United States ex rel. Pinto v. Reincke, Civil No. 12,186 (D.Conn. Oct. 2, 1967). Since additional petitions are still being filed in this court,[1] perhaps a fuller exposition of the reasons for those dismissals than was previously thought necessary may be appropriate.

The rule that an illegal arrest without more does not void a conviction and is not ground for a collateral attack by habeas corpus is well established whether the conviction was by a federal, Moreland v. United States, 347 F.2d 376 (10th Cir. 1965); Roddy v. United States, 296 F.2d 9 (10th Cir. 1961), or a state court. United States ex rel. Burgett v. Wilkins, 283 F.2d 306 (2d Cir. 1960), cert. denied, 365 U.S. 848, 81 S. Ct. 810, 5 L.Ed.2d 812 (1961).

In each of the foregoing cases, the denial was held to rest on a waiver based on the petitioner's failure to raise an objection to the illegality of his arrest before pleading to the information charging him with a criminal violation.

■ It does not matter how grossly illegal the arrest may have been. Even where it was assumed that a state prisoner had been made victim of a kidnapping by state officers in violation of the Federal Kidnapping Act in order to have him brought to trial for his crime, the Supreme Court of the United States affirmed the denial of a writ of habeas corpus in Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952). The rule and its rationale are stated at 522, 72 S.Ct. at 511:

"This Court has never departed from the rule announced in Ker v. Illinois, 119 U.S. 436, 444, [7 S.Ct. 225, 229, 30 L.Ed. 421],[2] that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.' [Cited cases omitted]. No persuasive reasons are now presented to justify overruling this line of cases. They rest on the sound basis that due process of law is satisfied when one present in court is convicted of crime after having been fairly apprized of the charges against him and after a fair trial in accordance with constitutional procedural safeguards. There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

A fortiori, illegal arrest of Orsini by local police raises no federal question. United States ex rel. Burgett v. Wilkins, 283 F.2d 306; United States ex rel. Moore v. Martin, 273 F.2d 344 (2d Cir. 1959), cert. denied, 363 U.S. 821, 80 S.Ct. 1262, 4 L.Ed.2d 1518 (1960). The important point which I do not think the petitioner has grasped is that his conviction does not rest in any part on the proscribed arrest.

■ In testing whether "due process of law is satisfied," Frisbie v. Collins, 342 U.S. at 522, 72 S.Ct. at 512, concern is only with constitutional violations which have a prejudicial effect upon the guilt determining process at the trial. The relationship between the remote concept of an illegal arrest and a later conviction of the arrestee at a trial is established only when there is a functional link between the two. It is not the rupture of a defendant's privacy —whether of his home, or his person— but the use of the fruits of that unconstitutional intrusion to obtain his conviction that is forbidden, e. g. the admission at the trial of evidence obtained by an unlawful search and seizure. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). See also, Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) (narcotics seized under an invalid warrant); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) (narcotics); Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964) (betting slips).3

2. This was before the Court for direct review of a writ of error to the Supreme Court of the State of Illinois.

3. There is a little play in the rule. The constitutional barrier against the use of evidence which would "not have come to light but for the illegal actions of the police" is not absolute. Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963). It was recently noted in United States ex rel. Suarez v. Follette, 371 F.2d 426 (2d Cir. 1968), that "[t]he Supreme Court has commented that the question to be asked is 'whether, granting establishment of

the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" Thus, if the challenged evidence was also obtained from an "independent source," or if the connection between the arrest and the evidence has "become so attenuated as to dissipate the taint" (371 U.S. at 491, 83 S.Ct. at 419), its use at the trial of the accused does not violate constitutional guarantees. E. g., State v. Traub, 151 Conn. 246, 196 A.2d 755 (1963), cert. denied, 377 U.S. 960, 84 S.Ct. 1637, 12 L.Ed.2d 503 (1964).

However, if evidence of a defendant's guilt obtained as a result of an unconstitutional search or arrest was not introduced at his trial, there is no ground for assailing its fairness under due process standards, for the illegal seizure has had no prejudicial effect in the determination of his guilt. Dorsey v. Gill, 148 F.2d 857, 876, cert. denied, 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003 (1945) (coerced confession); Price v. McCarty, 89 F. 84 (2d Cir. 1898) (original indictments insufficient); United States ex rel. Williams v. Myers, 196 F.Supp. 280 (E.D. Pa.1961) (illegally seized evidence); Madison v. Tahash, 249 F.Supp. 600, 608 (D.Minn.), aff'd, 359 F.2d 60 (8th Cir. 1966) (illegally seized evidence); Mihailoviki v. California, 364 F.2d 808 (9th Cir. 1966) (illegally seized evidence). Cf. Kristiansand v. United States, 319 F.2d 416 (5th Cir. 1963) (uncoerced statement); Hamilton v. North Carolina, 260 F.Supp. 632 (E.D.N.C.1966) (legal arrest so pistol and burglary tools admissible); Edgerton v. North Carolina, 239 F.Supp. 663, 666 (E.D.N.C.1965) (opinion of Chief Circuit Judge Clement F. Haynsworth, Jr.); United States ex rel. Gary v. Hendrick, 238 F.Supp. 757, 759 (E.D.Pa.1965); United States ex rel. Brink v. Claudy, 96 F.Supp. 220 (W.D. Pa.), aff'd, 194 F.2d 535 (3d 1951), rehearing denied, 102 F.Supp. 802 (W.D. Pa.1952), cert. denied sub nom. Brink v. Pennsylvania, 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1360 (1953).

■ To epitomize the rule, an illegal arrest alone does not merit habeas corpus relief. See Pappillion v. Beto, 257 F. Supp. 502 (S.D.Tex.1966).

■ The underlying reason for excluding evidence come upon illegally as articulated in the cases cited above reveals that concern is with the integrity of the judicial process. The cases are not to be read as holding that an illegal arrest per se bars prosecution for all time. To do that would exalt form over substance.[4] The office of habeas corpus is to vindicate due process, not police mistakes.

■ Now I must digress for a moment to point out that what has been said does not leave an accused without any remedy for his illegal arrest. Admittedly, he could sue the officers responsible for it in an action for false arrest, or false imprisonment. Church v. Pearne, 75 Conn. 350, 53 A. 955 (1903). Cf. Ker v. Illinois, 119 U.S. 436, 444, 7 S.Ct. 225, 30 L.Ed. 421 (1886). But he is not entitled to the added bonus of freedom from his own responsibility to society for his violations of the criminal laws. "A writ of *habeas corpus* is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and, if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment."

---

4. Where constitutionally impermissible evidence has been allowed to infect a trial, ordinarily the case is remanded for a new trial at which the illegally seized evidence must be excluded. E. g., Giordenello v. United States, 357 U.S. at 488, 78 S.Ct. 1245, 2 L.Ed.2d 1503. Double jeopardy is not involved. See United States v. Tateo, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).

In some few cases, where it has been apparent that without the use of the tainted evidence there would be no remaining basis for a successful prosecution, an appellate court has summarily reversed the judgment. E. g., United States v. Soyka, 394 F.2d 443 (2d Cir.

1968). While the opinion in State v. Licari, 153 Conn. 127, 214 A.2d 900 does not refer to it, the record shows that in proving one count the prosecution introduced a slip of paper with betting notations on it, which the officers grabbed from him as he attempted to swallow it when he was being illegally arrested. Without use of that evidence on a retrial, the Supreme Court might well have concluded that the chance of a successful prosecution was so minimal as to justify dismissal of the whole case in the interest of saving judicial time. Cf. State v. Newman, 127 Conn. 398, 17 A.2d 774 (1941); State v. Palkimas, 153 Conn. 555, 219 A.2d 220 (1966).

Nishimura Ekiu v. United States, 142 U.S. 651, 662, 12 S.Ct. 336, 339, 35 L.Ed. 1146 (1892), quoted with approval in United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158, 44 S.Ct. 54, 68 L.Ed. 221 (1923).

 Since the present restraint of Orsini's liberty stems not from his earlier arrest but from a judgment of conviction after a trial which met the general due process standard of fairness, his present detention is not in violation of federal law. See Pebley v. Knotts, 95 F.Supp. 283, 286 (N.D.W.Va.1951).

In light of the determination on the merits that there was no underlying infringement of his constitutional rights to support a writ of habeas corpus, it is not necessary to consider whether any procedural default in going to trial without putting his illegal arrest in issue would bar him from making that challenge. But see State v. Orsini, 232 A.2d 907; and cases cited in n. 1.

## Speedy Trial

The second claim of the petitioner is that he did not "enjoy the right to a speedy and public trial" as guaranteed by the sixth amendment. Recently in Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), where a petitioner challenged the state's right to continue a criminal charge against him indefinitely without reason, the Supreme Court held that the sixth amendment right to a speedy trial was applicable to the states through the fourteenth amendment.

 The connotation of "speedy" in 1791 was somewhat different than it is today. The defendant's right is to an "orderly expedition [of the trial procedures] and not mere speed." Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041 (1962). See also United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).

 Orsini was arrested on November 14, 1964. His trial began on October 26, 1965. No motion was made or other action taken by the petitioner or his at-torney to get the case tried any sooner than it was. That passivity is alone sufficient reason to reject his claim. See United States v. Smalls, 363 F.2d 417 (2d Cir. 1966), cert. denied, 385 U.S. 1027, 87 S.Ct. 755, 17 L.Ed.2d 675 (1967); United States v. Lustman, 258 F.2d 475 (2d Cir. 1958), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1959).

The state court held that the petitioner acquiesced in the delay. See State v. Orsini, 232 A.2d 907. Nothing was offered at the hearing in this court to undermine the soundness of that conclusion or the adequacy of the record to support it. See 28 U.S.C. § 2254(d) and (e).

 A tangential attack in this court sought to establish that the petitioner had been prejudiced by the delay. The argument was made that trial counsel, engaged the day before the trial commenced, decided not to have the petitioner take the stand in his own defense because (1) it would have exposed him to impeachment on the basis of a prior criminal record; and (2) the answers to some questions he put to his client were vague and unsatisfactory. The court was asked to infer that the lapse of time had caused the petitioner to forget the events upon which his defense rested. I am not persuaded. Insofar as a finding may be called for by me, I find that the petitioner was not prejudiced by the delay from the time of arrest to the time of trial.

## Sentence Review

 The petitioner's remaining claim is that he was unconstitutionally deprived of his right to review of his sentence by the Sentence Review Board because he was not given notice of the availability of a review of his sentence.

This issue need not be considered, for Judge Sidor after a hearing on a habeas corpus petition at which this claim was raised, Orsini v. Warden, State Farm, Docket No. 11565 (Nov. 8, 1967) (Tolland County Superior Court), protected him from the loss of any right to a review of his sentence on account of the lack of no-

tice. He extended the date for applying for such review. See State v. Lytwyn, 27 Conn.Sup. 78, 230 A.2d 40 (1967).

The petitioner has not made application for sentence review. He cannot distort his own failure to avail himself of the opportunity to file an application, as permitted by Judge Sidor's ruling of November 8, 1967, into a claim that the state has failed to grant him such a review.

The petition for a writ of habeas corpus is denied.

It is so ordered.