**UNITED STATES of America,**
**Appellee,**

v.

**John A. TURNER, Appellant.**

**No. 20651.**

United States Court of Appeals,
Eighth Circuit.

May 20, 1971.

Rehearing En Banc Denied
June 18, 1971.

Rehearing Denied June 18, 1971.

Daniel Bartlett, Jr., U. S. Atty., Harold E. Zahner, Asst. U. S. Atty., for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Defendant appeals from a jury verdict of guilty to a charge of violating 18 U.S.C.A. § 2312, transporting a stolen motor vehicle in interstate commerce. He challenges: (1) the probable cause of his arrest; (2) the instructions to the jury; and (3) the denial by the trial court of defendant's request to examine a statement of a government witness under the Jencks Act, 18 U.S.C.A. § 3500. We affirm.

Defendant was operating a 1964 Chevrolet Impala on August 13, 1970, in the City of St. Louis. The car had been reported missing the day before by its owner in the State of Indiana. A St. Louis police officer testified that he noticed the car being driven with the trunk lock punched out. He stopped the car as a matter of routine check and inquired if the defendant operator had a driver's license. The defendant replied that he did not. He was then arrested under V.A.M.S. § 302.020, for operating a motor vehicle without a driver's license. After being informed of his rights, the defendant told the officer that the car belonged to a friend of his in Indianapolis. The police officer made a check to see if the car had been stolen. On the following day the police were notified that it was a stolen vehicle.

The police officer clearly had probable cause to arrest the defendant for failure to have a proper driver's license under Missouri law. It is argued, however, that the officer's motive in stopping defendant's car was not to check his driver's license, but merely to pursue his suspicion of some other crime. Thus, it is contended that the

* Of the First Circuit, sitting by designation.

officer wanted to make an unwarranted search for evidence of some unidentified crime. We do not find it unreasonable for an officer to inquire as to a driver's license under these circumstances. It is conceded under the state law of Missouri that an officer has a right to stop an automobile to make a routine check for an operator's license. See Jackson v. United States, 408 F.2d 1165, 1168 (8 Cir. 1969); Rodgers v. United States, 362 F.2d 358, 362 (8 Cir. 1966). Cf. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Carpenter v. Sigler, 419 F.2d 169 (8 Cir. 1969). Under these circumstances it is difficult to rationalize that this right of preliminary inquiry may be obviated because suspicious circumstances, even though they may be unfounded, might have motivated an officer to investigate. Furthermore, assuming the arrest was made without probable cause, defendant did not file a motion to suppress any evidence used at trial which he claims to have been seized incident to an illegal arrest. Thus, the arrest did not in any way taint the judgment of conviction.[1]

■ Defendant complains of the trial court's instructions and its refusal to give defendant's requested instructions. We have reviewed the instructions as a whole and find no error. The court has no duty to give its charge in the identical language insisted on by the defendant. Viewing the instructions in their entirety the jury was fairly informed as to the presumption of innocence and the burden of proof. Additionally, the court's instruction as to the inference which may be taken from the possession of recently stolen property was adequate and balanced in form. The fact that the instruction omitted the statement that it was the jury's exclusive province to determine whether the facts and circumstances permitted such an inference was not in the least prejudicial. In any event. contrary to the requirements of Fed.R.Crim.P. 30, no specific exception was taken as to the alleged omission from the instruction given.

■■ The defendant also complains of the refusal of the trial court to require production of government notes under 18 U.S.C.A. § 3500. The defendant suggests that the trial court arbitrarily refused to follow the procedure recommended by the Supreme Court in Palermo v. United States, 360 U.S. 343, 355, 79 S.Ct. 1217, 3 L.Ed.2d 1287 (1959). This suggested procedure relates to the government submitting any statement to the trial court for an *in camera* determination as to whether the statement came within the purview of the Jencks Act. The evidence shows that a St. Louis police officer talked to F.B.I. agents, but that he was not sure whether they had taken notes. He testified that he did not rely on nor had he seen any F.B.I. notes prior to his conversation. The government attorney, an officer of the court, openly denied the

---

1. We approve the language of Judge Blumenfeld in United States ex rel. Orsini v. Reincke, 286 F.Supp. 974, 977 (D.Conn. 1968), aff'd mem. 397 F.2d 977 (2 Cir. 1968), cert. denied 393 U.S. 1050, 89 S.Ct. 689, 21 L.Ed.2d 692 (1969), where he observed:

"In testing whether 'due process of law is satisfied,' Frisbie v. Collins, 342 U.S. 519, at 522, 72 S.Ct. 509, at 512, 96 L.Ed. 541, concern is only with constitutional violations which have a prejudicial effect upon the guilt determining process at the trial. The relationship between the remote concept of an illegal arrest and a later conviction of the arrestee at a trial is established only when there is a functional link between the two. It is not the rupture of a defendant's privacy—whether of his home, or his person—but the use of the fruits of that unconstitutional intrusion to obtain his conviction that is forbidden, e. g., the admission at the trial of evidence obtained by an unlawful search and seizure."

See also Madison v. Tahash, 249 F.Supp. 600 (D.Minn.1966), aff'd 359 F.2d 60 (8 Cir. 1966); White v. United States, 328 F.2d 304 (8 Cir. 1964); Moreland v. United States, 347 F.2d 376 (10 Cir. 1965); United States ex rel. Burgett v. Wilkins, 283 F.2d 306 (2 Cir. 1960). See also Sewell v. United States, 406 F.2d 1289 (8 Cir. 1969).

1149

existence of any such notes. The trial court made a finding, which the evidence shows not to be clearly erroneous, that no statement existed. Alternatively, the court observed that even if the notes existed they would not be producible under the statute because the witness had neither signed nor .otherwise "adopted or approved" them as his statement. We agree with both conclusions. See Rosenberg v. United States, 360 U.S. 367, 369, 79 S.Ct. 1231, 3 L. Ed.2d 1304 (1959); Kane v. United States, 431 F.2d 172 (8 Cir. 1970).

Judgment affirmed.