**Thomas Edward CAMPBELL, Petitioner,**

v.

**SUPERINTENDENT, BLAND CORREC-TIONAL FARM UNIT, Respondent.**

**Civ. A. No. 74-C-25-L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

Feb. 13, 1975.

James Paul Kent, Jr., Altavista, Va., for petitioner.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

Thomas Edward Campbell has filed a petition for writ of habeas corpus seeking federal relief to free him from the Bland Correctional Farm in Bland, Virginia. He is being held there pursuant to an Amherst County Circuit Court conviction for armed robbery in which a

jury convicted and sentenced him to twenty (20) years in prison on November 16, 1972. He appealed this conviction to the Virginia Supreme Court but his appeal was denied on June 28, 1972. Thus petitioner is currently detained by state authorities and has exhausted his state remedies in satisfaction of the requirements of 28 U.S.C. § 2254.

Petitioner initially filed this action in the United States District Court for the Eastern District of Virginia, Richmond Division, and by order of that court the case was transferred to this court. By order of this court petitioner was allowed to proceed *in forma pauperis* on March 28, 1974. After receiving a request from petitioner, the court on June 19, 1974, appointed counsel to represent petitioner in this action.

Petitioner has alleged four grounds as the basis of this action:

(a) illegal arrest;

(b) admission of evidence as to defendant's character at trial;

(c) sufficiency of evidence—petitioner was convicted on the testimony of accomplices;

(d) unlawful extradition.

Petitioner was convicted of armed robbery on November 16, 1972, before a jury in the Amherst County Circuit Court and sentenced to twenty years in prison. The court has before it for examination briefs by counsel for petitioner and by counsel for respondent and the record, including transcript of petitioner's trial.

After a thorough examination of the files and the transcript the court has satisfied itself that there is no ground for the granting of federal habeas corpus relief. On July 4, 1972, an armed robbery was committed in Amherst County. On July 5, 1972, the Howard County Police Department (Howard County, Maryland) was notified by the Amherst County Police Department to be on the lookout for Thomas Edward Campbell as he was wanted in Amherst County for questioning in connection with the armed robbery. An accurate description of Campbell and the car he was driving was provided the Howard County Police.[1] Acting upon this description the Howard County Police Department was able to apprehend Campbell on July 6. That same day an officer from the Amherst County Police Department came to Howard County and brought Campbell back to Amherst County. An arrest warrant was subsequently issued on this same day, July 6, 1972, and Campbell was indicted by a grand jury during October 1972.

Petitioner makes two allegations concerning the events which transpired before his trial: (a) that the arrest by the Howard County Police was illegal because it was warrantless and (b) that his extradition was also illegal even though petitioner waived extradition; petitioner's latter claim rests on the premise that since he was not legally under arrest at the time of his extradition, there was nothing that he could have waived.

After studying the "flyer" which the Amherst County Police sent to the Howard County Police, the court finds that based upon this information, its source and its accurate descriptive detail, the Howard County Police did have the legal probable cause necessary to legitimately arrest petitioner. In doing so they discovered the fruits of the crime which were in plain view at that time and were the result of a search incident to an arrest. Moreover, this court has previously stated that "an illegal arrest *per se* is not an issue cognizable in a federal habeas corpus proceeding because it does not affect the actual fairness of the trial itself." (Law v. Cox, 329 F.Supp. 849 (W.D.Va.1971). *See also* United States ex rel. Orsini v.

1. The description detailed Thomas Edward Campbell as a white male with black hair and brown eyes, born 11–16–41, six feet tall, 230 pounds, operating a baby blue 1971–1972 Mercury Montego—last four digits on Maryland license plates—9099. A picture of Campbell was also included.

Reincke, 286 F.Supp. 974 (D.Conn.), aff'd, 397 F.2d 977 (2d Cir. 1968), cert. denied, 393 U.S. 1050, 89 S.Ct. 689, 21 L.Ed.2d 692 (1969)).

■ Whether or not the extradition was lawful is another allegation which the court will not determine in this proceeding. The Supreme Court held in Frisbie v. Collins, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952):

> "that the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of 'forcible abduction'. . . . There is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will."

In *Frisbie*, the court denied a writ of habeas corpus to a petitioner who had been kidnapped by police officers to Michigan from Illinois.

■ Petitioner's final two allegations concern evidentiary questions. He asserts that his character was improperly put into evidence by allowing a police officer who was testifying to refer to a "mug shot" of the petitioner. Regardless of the fact that the police officer did refer to a "mug shot" of petitioner, the trial judge made a cautionary statement[2] to the jury (Tr. 49). The Fourth Circuit has held that admissibility of evidence, sufficiency of evidence and instructions to the jury in state trials are matters of state law and pro-cedure not involving constitutional issues, and only when such matters impugn fundamental fairness of the trial is a federal question presented, Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). Since the trial judge cautioned the jury, this court finds that this reference to petitioner's character did not impugn the fairness of the trial.

■ Petitioner's final allegation claims that the testimony of accomplices was an improper basis upon which to convict him. However, the transcript reveals that this testimonial evidence was not the sole basis upon which a jury could have based its verdict. Moreover, the trial court gave a typically cautionary jury instruction concerning the suspect nature of testimony by accomplices.[3] For these reasons and based upon the *Grundler* rationale, the court finds no basis for federal habeas corpus relief as to this allegation.

After consideration of each of petitioner's allegations the court finds no basis for granting relief. Accordingly the court grants respondent's motion for summary judgment and orders the case dismissed and stricken from the docket. Petitioner is advised that he may appeal the judgment of this court within thirty (30) days to the United States Court of Appeals for the Fourth Circuit.

The clerk is directed to send a certified copy of this opinion and judgment to counsel for petitioner and to counsel for respondent.

---

2. The court stated to the jury:

"This witness who has identified himself as a police officer from Maryland has testified that he had a picture of this defendant on file up there. Now the court is telling you and instructing you that that is not to be considered by you in any way in reflecting on whether or not he is guilty or innocent of this charge."

3. Instruction "D" read:

"The court instructs the jury that while they may find a verdict upon the unsupported testimony of an accomplice, such evidence is to be received with great caution and the court warns the jury of the damage of basing a verdict on the unsupported testimony of an accomplice or accomplices."