**Lloyd Lorenzo MANLEY, Petitioner,**

v.

**Joseph RYAN, Warden S.C.I. Dallas, Pennsylvania, et al., Respondent.**

**Civ. No. 84–1385.**

United States District Court, M.D. Pennsylvania.

Jan. 31, 1985.

Arthur L. Gutkin, Norristown, Pa., for petitioner.

Deputy Atty. Gen., Francis Filipi, Harrisburg, Pa., for respondent.

MEMORANDUM AND ORDER

CONABOY, District Judge.

We have received the Report of Magistrate Raymond J. Durkin in the above-captioned matter. The Magistrate's Report includes a recommendation as to the proper disposition of this case. The Petitioner has filed exceptions to the Magistrate's Report. We have considered these exceptions, the Magistrate's Report, and the case file in reaching our decision.

This is a *habeas corpus* action pursuant to 28 U.S.C. § 2254. Petitioner alleges that he is illegally incarcerated at the State Correctional Institution at Dallas, Pennsylvania. Petitioner claims that Pennsylvania did not meet the requirements of the Speedy Trial Clause of the 6th Amendment to the U.S. Constitution in the manner in which he was prosecuted.

Petitioner was convicted of robbery, theft, and reckless endangerment in the Court of Common Pleas for Lackawanna County on December 1, 1978. That conviction was vacated on speedy trial grounds per *Order* of the Pennsylvania Superior Court on September 26, 1980. The Commonwealth appealed. The Supreme Court of Pennsylvania elected to hear the appeal and reinstated the Petitioner's conviction per its opinion of December 30, 1983.

Magistrate Durkin recommended that the instant petition be dismissed due to the fact that, as initially presented, it presented both exhausted and unexhausted claims. Such mixed petitions are susceptible to dismissal under the doctrine of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Counsel for Petitioner moved for an extension of time to file exceptions to the Magistrate's Report and also for

leave to amend the original petition to delete those claims which have yet to be exhausted in the Pennsylvania Courts. We granted both motions. Therefore, we have jurisdiction to consider this amended petition since it incorporates only the aforementioned speedy trial argument which, of course, raises a federal question.

■ We need not consider the trial record. The case was tried to a jury and the Petitioner does not challenge the efficacy of the verdict. The only issue Petitioner brings before us is the 6th Amendment speedy trial question previously mentioned. We must look to *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), for guidance. *Barker*, supra, postulates a balancing test to determine whether the 6th Amendment right to a speedy trial has been abridged. The four factors to be considered in this balance are: a) the length of delay; 2) the reason for delay; c) the Defendant's assertion of his right; and d) prejudice to the Defendant. Before subjecting the facts surrounding Manley's prosecution to this four factor analysis, we think it wise to posit an important principle. The 6th Amendment right to a speedy trial is fundamental and demands zealous protection. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). It is also one of the more nebulous rights possessed by American citizens. In *Barker*, supra, 407 U.S. at 521, 92 S.Ct. at 2187, the Supreme Court in a unanimous opinion delivered by Justice Powell held:

> ... the right to speedy trial is a more vague concept than other procedural rights. It is, for example, impossible to determine with precision when the right has been denied. We cannot definitely say how long is too long in a system where justice is supposed to be swift but deliberate.

The *Barker* Court went on to emphasize a concept first enunciated in *Beavers v. Haubert*, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950 (1905):

the right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.

■ It is from this framework that we must analyze Petitioner Manley's application for writ of *habeas corpus*. He claims infringement of a *fundamental* right. It is, however, an imprecisely delineated right which must be weighed against the significant interest of society in punishing lawbreakers. With these competing interests in mind we apply the *Barker* approach to this petition.

The first factor to be weighed in the *Barker* balance is the length of delay between arrest and trial. In this case 288 days elapsed between the Petitioner's arrest and the onset of trial. Suffice it to say that, depending upon the circumstances of a case, times greatly in excess of 288 days have been ruled permissible from the prosecution's standpoint [1] and delays much briefer than 288 days could conceivably trigger a speedy trial issue. It is apparent that the length of delay aspect of the *Barker* balance is of marginal utility due to the inherent ambiguity of the word speedy.

The second factor, the reason for delay, is of utmost importance in this case. The record demonstrates that this case was called to trial on May 30, 1978, a full six months before trial of this matter was finally had. On that day Petitioner, who had initially retained private counsel, appeared without benefit of counsel and informed the trial court that he was indigent. This revelation caused the Commonwealth to seek a continuance. This continuance went unopposed by Petitioner and also unsigned by the trial judge. This development sparked a claim that Pennsylvania had ignored the criteria of its own Speedy Trial Act, Rule 1100 of the Pennsylvania Rules of Criminal Procedure. We need not address this controversy since the final authority on how Pennsylvania law is to be

---

1. See *Finney v. Wainwright*, 434 F.2d 1001, certiorari denied 401 U.S. 962, 91 S.Ct. 967, 28 L.Ed.2d 245 (1970). Also, *U.S. ex rel. Orsini v. Reincke*, 286 F.Supp. 974, affirmed 397 F.2d 977, certiorari denied 393 U.S. 1050, 89 S.Ct. 689, 21 L.Ed.2d 692 (1968).

interpreted, the Pennsylvania Supreme Court, has ruled that the prosecution complied with the requirements of Rule 1100. We must deal with the more amorphous question whether Pennsylvania's allowance for delay in this case was too lenient to comport with the Speedy Trial Clause of the 6th Amendment. Our view of the situation that developed in this case is that Petitioner was at least as responsible for the delay of his trial as was the Commonwealth.

The third factor to be considered in the *Barker* analysis is the assertion by the accused of his right to speedy trial. We find it significant that Petitioner did not assert this right until September 21, 1978, some 38 days after the date on which the strictest construction of Rule 1100 would have mandated the beginning of trial. This Court would be more receptive to Petitioner's application were there some record that he had asserted this right contemporaneously with the Commonwealth's motion for extension of time to commence trial. The fact that Petitioner did not oppose the Commonwealth's motion persuades this Court of the likelihood that he was totally unconcerned with asserting the right to speedy trial. It was only after the Public Defender realized that the Commonwealth's motion had never been acted upon that the right to speedy trial came to be so dear to Petitioner.[2] His conduct before that point in appearing for a scheduled trial without counsel and electing not to oppose the Commonwealth's motion for continuance was more suggestive of a desire to delay trial as long as possible. Petitioner simply failed to continually and vigorously assert his right to speedy trial which, had he done so, would have provided considerable evidentiary support for his cause under the terms of *United States ex rel. Stukes v. Shovlin*, 464 F.2d 1211, 1214 (1972). Our conclusion, therefore, is that Petition-

er's assertion of his right came too little and too late to tip this factor of the *Barker* balance in his favor.

The final factor to be considered is the degree of prejudice to the accused in having his trial delayed. Petitioner's objection to the Magistrate's Report makes much of the fact that "the most important factor which the (*Barker*) Court discusses is the prejudice to the Defendant with regard to his failure to receive a speedy trial."[3] Apart from our conviction that Petitioner has not demonstrated from the record that he was unduly prejudiced by the delay in this case, we note that the United States Supreme Court has rejected the notion that the 6th Amendment right to a speedy trial is *primarily* intended to prevent prejudice to the defense caused by the passage of time. *United States v. MacDonald*, 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1981). So, prejudice to the defense is to be accorded no more weight in terms of *Barker* analysis than any of the factors we have previously considered. That understood, we turn to Petitioner's allegations of prejudice. He alleges herein that his defense ws impaired in that he was unable to maintain contact with persons who would have provided him with an alibi. However, it seems to this Court that any such impairment was a result of the fact that Petitioner was ineligible for bail due to the lodging of parole violator detainers against him in the wake of his arrest. His inability to remain in contact with these potential witnesses, then, was less a result of a speedy trial problem than of previous escapades in Petitioner's life.

In summation, mindful of our determination that a fundamental right was implicated in this application, we have endeavored to "engage in a difficult and sensitive balancing process"[4] as the law requires. We find: a) that the delay between arrest and trial in this case was not of such duration

---

2. We note that it is highly unlikely that Petitioner Manley was unaware of the 6th Amendment rights he might assert since it is not inaccurate to characterize him as a career criminal with a history of criminal behavior stretching back to the 1940's.

3. Docket Item Number 7 at page 3.

4. *Barker,* supra, 407 U.S. at 533, 92 S.Ct. at 2193.

as to state a clear case that a speedy trial violation occurred; b) that said delay was caused substantially by Petitioner's own laxness in securing counsel and in failing to oppose the Commonwealth's motion for an extension of time; and c) that Petitioner failed to vigorously assert his 6th Amendment rights. We find, all factors considered, that Petitioner's 6th Amendment right to a speedy trial was not violated in this case. An appropriate Order shall issue.

## ORDER

AND NOW, this 31st day of January, 1985, IT IS HEREBY ORDERED THAT:

1. Petitioner's application for a writ of *habeas corpus* on grounds of a violation of his fundamental right to a speedy trial is denied.

2. Judgment in Respondents' favor is hereby entered and the Clerk of Courts is directed to close this case.